AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)          Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT

for the

District of Montana

| | |
|---|---|
| United States of America<br>v.<br>RAMON GASPAR-OCHOA | )<br>)<br>)<br>)<br>) |
| Date of Original Judgment: _10/05/2012_<br>Date of Previous Amended Judgment: _____<br>*(Use Date of Last Amended Judgment if Any)* | )<br>)<br>) |

Case No:   CR 12-12-M-DLC-01

USM No:   11688-046

Michael P. Sherwood

*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant seeks a sentence reduction under the 2023 amendment to § 1 B1.13(b)(6). (Docs. 141, 149.) The amendment provides that if a defendant "received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law [ ] may be considered in determining whether the defendant presents an extraordinary and compelling reason." 88 Fed. Reg. 28254 (May 3, 2023). This consideration only applies where such a change in law "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." *Id*.

Notwithstanding this argument, however, Gaspar-Ochoa would still be subject to the same career offender guideline enhancement if he were sentenced today and, ultimately, his guideline range as a career offender would remain the same as it was in 2012—that being a range of 262 to 237 months. (*See* PSR ¶ 53.) Accordingly, the Court finds that, given Gaspar-Ochoa's original guideline sentence of 262 months, there is no gross disparity between what Gaspar-Ochoa's sentence was in 2012 and what it could potentially be if he were sentenced today. The Court further finds that Defendant's other "individualized circumstances" do not support a finding that compassionate release is warranted. Accordingly, the motions (Docs. 141, 149) are denied.

Except as otherwise provided, all provisions of the judgment dated _10/5/2012_ shall remain in effect.
**IT IS SO ORDERED.**

_11/19/2024_

_____
*Judge's signature*

Effective Date: _____
*(if different from order date)*

Dana L. Christensen, District Court Judge
*Printed name and title*